IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| Donald Heyrich on behalf of himself and all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | |
| | **No.** |
| vs. | |
| | **SUMMONS** |
| Global Callcenter Solutions, Inc., | |
| Defendant. | |

TO: GLOBAL CALLCENTER SOLUTIONS, INC., Defendant.

A lawsuit has been started against you in the above-entitled Court by the Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiffs within twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiffs are entitled to what has been asked for because you

SUMMONS -1



WILLIAMSON & WILLIAMS  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiffs file this lawsuit with the court. If you do so, your demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve your demand, the Plaintiffs must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.


DATED this 3rd day of October, 2012.

WILLIAMSON & WILLIAMS

Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387

TERRELL MARSHALL DAUDT & WILLIE

Beth E. Terrell, WSBA #26759
Kimberlee L. Gunning, WSBA #35366

*Attorneys for Plaintiff and the Proposed Class*


SUMMONS -2



SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| Donald Heyrich on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>Global Callcenter Solutions, Inc.,<br><br>                Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF |

Plaintiff Donald Heyrich, individually and as class representative for a class of similarly situated individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1.    Defendant Global Callcenter Solutions, Inc. ("GCS") is a Colorado corporation with its principal place of business in Pueblo, Colorado.  GCS does business in the State of Washington and throughout the United States.

1.2.    Plaintiff Donald Heyrich in an individual who resides in King County, Washington.  Plaintiff receives calls on a cellular phone, including that call which is the subject of this Complaint.

1.3.    The call in question was received on Plaintiff's cell phone in King County, Washington.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 1

**WILLIAMSON & WILLIAMS**  17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

ATTACHMENT A - 3

1.4.    Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article. 4, §6.

## II. FACTS

2.1.    Plaintiff's cellular telephone number has been listed on the national Do-Not-Call registry since 2007.

2.2.    On several occasions within twelve months before August 29, 2012, Plaintiff Heyrich saw calls coming in on his cellular telephone caller identification panel from the telephone number (719) 546-6354, but he did not answer the calls, nor did the caller leave a message.

2.3.    Upon information and belief, the telephone number (719) 546-6354 is registered to GCS.

2.4.    On August 29, 2012, at 12:59 p.m., Plaintiff received another call on his cellular telephone from the same number, (719) 546-6354, and answered the call.  When he answered the call, there was a long pause and, eventually, a sales representative came on the line and tried to upsell Plaintiff, who is a Comcast customer, faster internet service from Comcast.  The caller identified herself as being from "GCS-a sales partner for Comcast" or words to that effect.

2.5.    Plaintiff Heyrich asked the caller where she was calling from and she confirmed she was calling from GCS.  When Plaintiff asked her how she dialed his cell phone number, the caller said it was all computer driven and no manual dialing was involved in placement of the call.

2.6    Pursuant to 47 U.S.C. § 227(a), the Telephone Consumer Protection Act, an "automatic telephone dialing system" ("ATDS") is "equipment which has the capacity to store or

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2



produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

2.7.    Upon information and belief, the call was made by GCS using a form of ATDS") called a predictive dialer which calls telephone numbers and, if there is an answer, after a pause, the call is connected to a live sales agent.  In the case of Plaintiff, GCS's agent sought to induce Plaintiff to purchase faster internet service from Comcast.

2.8.    Upon information and belief, GCS placed more than 100 substantially similar telephone calls to persons in Washington State, including those in King County, and throughout the United States.

2.9.    Upon information and belief, based on its past conduct, GCS intends to continue to make such calls to telephones of persons in Washington State and the United States.

### III. CAUSES OF ACTION

3.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.  The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of 47 U.S.C. 227 § (b)(1)(A)(iii)

3.2.    In placing ATDS calls to Plaintiff's cellular telephone line without prior express consent, GCS has violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

3.3     GCS's violations of the TCPA are willful and/or knowing.

3.3.    GCS's violations of 47 U.S.C. § 227(b)(1)(A)(iii) entitle Plaintiff and members of the related National Class I to damages pursuant to 47 U.S.C § 227(b)(3).  Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and all members of said Class are entitled to injunctive relief enjoining GCS's unlawful conduct, as well as statutory damages for each of GCS's violations of the law, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff and all members of said Class are also entitled to

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

treble damages for GCS's willful or knowing violations of the law, pursuant to 47 U.S.C. § 227 (b)(3).

### Count B.  Violation of 47 C.F.R. § 64.1200 *et seq*

3.4.    GCS has violated 47 C.F.R. § 64.1200 *et seq* by placing solicitation calls to Plaintiff Heyrich when Plaintiff's telephone number was on the National Do-Not-Call registry. Violations include violating 47 C.F.R. § 64.1200 (c)(2) which prohibits such calls to telephone subscribers who have registered their numbers "…on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government…."

3.5.    GCS's violations of the TCPA are willful and/or knowing.

3.6.    47 U.S.C § 227(c) (5) provides that Plaintiff and members of the related National Class II who received more than one telephone call in any 12-month period in violation of the Do-Not-Call provisions of 47 C.F.R. § 64.1200 are entitled to damages.  Under 47 U.S.C. § 227(c)(5)(A), Plaintiff and all members of said Class are entitled to injunctive relief enjoining GCS's unlawful conduct, as well as statutory damages for each of GCS's violations of the law, pursuant to 47 U.S.C. § 227(c)(5)(B).  Plaintiff and all members of said Class are also entitled to treble damages for GCS's willful or knowing violations of the law, pursuant to 47 U.S.C. § 227(c)(5).

### IV. CLASS ACTION ALLEGATIONS

4.1.    Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2.    This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3).  Plaintiff seeks to represent two Classes comprised of:

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4



All persons who received a telephone call on their cellular telephone from GCS sent by an automatic telephone dialing system for commercial solicitation purposes, at any time for the period that begins 4 years from the date of this complaint to trial (National Class I);

and

All persons whose cellular telephone numbers were on the National Do-Not-Call Registry who received more than one telephone call from GCS for commercial solicitation purposes in any 12 month period, at any time for the period that begins 4 years from the date of this complaint to trial (National Class II).

Excluded from the Classes are GCS and any entities in which GCS has a controlling interest, GCS's agents and employees, the Judge to whom this action is assigned and any members of the Judge's staff and immediate family.

4.3. **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes exceed 100 in number.

4.4. **Common Questions of Law and Fact.** The questions of law and fact are the same for all Class members, including whether GCS's conduct violated the TCPA as to Plaintiff and all other Class members.

4.5. **The Plaintiff's Claims are Typical of the Class.** Plaintiff's claims are typical of the Classes in that they arise from GCS's repeated violation of the TCPA as to Plaintiff and all other Class members.

4.6. **The Plaintiff Will Fairly and Adequately Protect the Classes.** Plaintiff will adequately represent and protect the interests of the Classes because he has retained competent and experienced counsel and his interests in the litigation are not antagonistic to the other members of the Classes.

4.7. **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 5



members of the Classes, because all members of the Classes were subjected to GCS's unlawful use of one or more ATDSs. The prosecution of separate actions by individual members of the Classes against GCS would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8.  **A Class Action is Maintainable Under CR 23(b)(2).** GCS has acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Classes of similarly situated individuals and entities, respectfully requests that the Court enter judgment in his favor and in favor of the Classes for:

A.  Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.  Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that GCS will not continue to use automatic telephone dialing systems to call persons on their cellular telephones for commercial solicitation purposes;

C.  Judgment against GCS for incidental statutory damages of not less than $500.00 per call made to Plaintiff and each member of the National Class I, and not less

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

than $500.00 per call made to Plaintiff and each member of National Class II,

and other damages as are permitted by law, including treble damages as provided

by statute for GCS's willful and/or knowing violations of the TCPA;

D.   Judgment against GCS for attorney's fees and costs as permitted by law;

E.   Any other or further relief which the Court deems fair and equitable.

DATED: _October 3, 2012_

WILLIAMSON & WILLIAMS

By _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387

TERRELL MARSHALL DAUDT & WILLIE

Beth E. Terrell, WSBA #26759
Kimberlee L. Gunning, WSBA #35366

*Attorneys for Plaintiff and the Proposed
Class*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 7



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

**ATTACHMENT A - 9**